NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3017

WYONE L. SOWELL,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: August 4, 2005

_____

Before NEWMAN, Circuit Judge, ARCHER, Senior Circuit Judge, and RADER, Circuit Judge.

PER CURIAM.

Wyone L. Sowell ("Mrs. Sowell") appeals the Merit Systems Protection Board's ("Board") decision affirming the Office of Personnel Management's ("OPM") denial of her request for survivor annuity benefits pursuant to the Civil Service Retirement System ("CSRS"). Sowell v. Office of Pers. Mgmt., No. AT-0831-03-0697-I-1 (M.S.P.B. Oct. 24, 2003). Because Sowell's husband failed to make a timely election for such benefits pursuant to 5 U.S.C. § 8339(j)(5)(C)(i), we affirm.

Mr. Sowell retired from federal service on November 30, 1990. At the time of his retirement, he was married to Almer Sowell, for whom he elected a survivor annuity. Mr. Sowell was divorced from Almer Sowell in 1995, and an amended divorce decree provided a survivor annuity for Almer as follows: "[I]n addition to the benefit assigned

the Former Spouse in the immediately preceding paragraph, the OPM shall assign to the Former Spouse a portion of the Annuitant's CSRS benefit sufficient to provide the Former Spouse with, and the OPM shall pay to the Former Spouse, a former spouse annuity payable after the Annuitant's death for the life of the Former Spouse." Since Mr. Sowell's death, Almer Sowell has been receiving a monthly annuity benefit.

Later in 1995, Mr. Sowell married Jackie Trent. In October of that year, Mr. Sowell designated her as his beneficiary for any lump-sum benefits payable under the CSRS after his death. Mr. Sowell and Jackie Trent divorced in 1997. Following Mr. Sowell's death, OPM determined that Jackie Trent was entitled to accrued monthly annuity benefits for the number of days he was alive in the month of November 2002.

Mr. Sowell married Mrs. Sowell in August 2002 and died four months later. OPM concluded that since Mrs. Sowell had not been married to Mr. Sowell for at least nine months, she was ineligible for survivor annuity benefits. OPM further noted that Mr. Sowell never elected a survivor annuity on Mrs. Sowell's behalf.

Mrs. Sowell appealed to the Board asserting that she and Mr. Sowell had entered into a common law marriage in October 1997. An administrative judge ("AJ") determined that Mrs. Sowell had not established her eligibility for survivor annuity benefits under the CSRS, because even if she and Mr. Sowell were married, Mr. Sowell had never filed a written election for a survivorship annuity with OPM for Mrs. Sowell. The AJ also found that broad language in Mr. Sowell's will did not "expressly provide"

annuity benefits for Mrs. Sowell, as required under 5 U.S.C. § 8341(h).[1]

The full Board denied Mrs. Sowell's petition for review, and the AJ's decision became final. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C § 7703(c).

Eligibility to elect survivor benefits under the CSRS is governed by 5 U.S.C. § 8339(j)(5)(C)(i). This provision provides that an annuitant who is married at the time of retirement, and who subsequently remarries, may irrevocably elect survivorship benefits for the new spouse in a signed writing received by OPM within two years after such remarriage. Mrs. Sowell concedes that Mr. Sowell never filed a written election with OPM.

As to Mrs. Sowell's assertion that Mr. Sowell's will provided the requisite election, Mrs. Sowell has not indicated any authority suggesting that an annuitant's will, which was not filed with OPM, may be substituted for the written election requirement. And while it appears that the law does not require that an election be in any particular form, one must manifest an "unmistakeable intent" for such a designation. See Harris v.

---

[1] The will contained the following statement:

I give, devise and bequeath all of my property, whether real, personal or mixed, of whatever kind and nature and description and wherever located, which I now have or may die seized and possessed of or be entitled to absolutely and in fee simple to my wife, Wyone Sowell.

<u>Office of Pers. Mgmt.</u>, 985 F.2d 549, 550 (Fed. Cir. 1993). The language in the will does not expressly provide survivor annuity benefits for Mrs. Sowell as required pursuant to 5. U.S.C. § 8341(h), nor does it manifest an unmistakable intent that Mr. Sowell was electing a survivorship annuity benefit for Mrs. Sowell.

Accordingly, we affirm the Board's decision.